The opinion of the Court was delivered by
Pociié, J.
The first annual account of the executors of this succession is opposed by T. W. Hutchinson, tutor of his minor children, forced heirs of the deceased, and he has taken this appeal from a judgment dismissing all his oiipositions.
At the threshold of our investigation, appellees’ counsel, in their brief, call our attention to the absence from the transcript of several documents filed in evidence on the trial below, and not copied in the transcript, for the reason of which omission, they argue that we have no knowledge of the matters argued or contested below, and that, therefore, the appeal should he dismissed.
This reasoning applies with unanswerable force to the items of opposition in support of, or in answer to which the missing documents have special reference; hut this, of itself, could not justify the dismissal of the appeal absolutely.
We shall, therefore, review the judgment of the lower court as to all the oppositions, touching which we have before us the evidence which was considered by the District Judge, and on which he rested his judgment:
1. The first objection is urged bo the omission of the executors to charge themselves with several sums alleged to have been due for rent to the succession, and collected by the executors and not accounted for, amounting together to $270.
As the evidence on these several items is somewhat conflicting, and as the present account is only provisional, we shall refer this issue to the last or final account of administration by the executors, with the *889 reserved right of opponent to urge his objections on this ground to the final account of administration.
2. The next opposition complains of the omission to charge L. J. Duffy, one of the executors, with the sum of $2,000 received by him from the decedent, and not accounted for.
The documentary evidence on which the District Judge mainly rested his judgment on this point lias not been copied in the transcript, and hence, we have no means of testing the correctness of his ruling thereon. As it was the duty of the appellant to bring up the evidence on which this opposition was tried, and as he has failed to do so, we must presume that the ruling of the District Judge was correct, and we shall not disturb it on this point. Harris vs. Hays, 8 An. 433; Succession of Clew, 18 An. 231.
3. Opponent next complains, on the debit side of the account, of a charge of $900, paid to experts appointed by the court, for the purpose of examining into the partnership accounts between the deceased, Turnell, and Duffy, one of the executors, and former partner of the decedent. It is argued that this exjmnse having been incurred through the dereliction of Duffy, it should have been charged to his individual account; but we find in the record the written consent of opponent’s counsel, recognizing the legality of this charge and agreeing that it be taxed as costs against the succession; on which agreement an order of court was rendered, specially authorizing its payment by the executors. Opponent is, therefore, effectually estopped from contesting its validity as a charge against the succession in this proceeding.
4. The objection to the charge of twenty dollars, paid to one Warner, for hunting up witnesses on behalf of the executors, in a litigation in which they were cast, is well founded in law, and the item should have been stricken out.
5. The opposition to the charge of the executor’s commission, so as to affect the legitime of opponent's children as forced heirs, is supported by the textual provisions of our Code. C. C. Arts. 1683 and 1687. Hence, such expenses must not be charged against the mass of the succession previous to accounting to oppponent’s children for their legitime under the law.
6. The charge of the executors, of a commission of 5 per cent, for funds collected for rent, from debtors of the succession, and on bank deposits, is not supported by law or authority, and the opposition to that charge should have been sustained.
The only commission which the executor can claim under the law, is that of 2-J per cent, on the whole amount of the inventory, as fixed by Art. 1683 of our Civil Code.
The argument that, as this administration is to last five years, under *890 the provisions of the- will, a different rale should apply to these executors who are charged during that time with the onerous duty of collecting rents for the estate, is not sound, and is utterly demolished by the decision rendered by this Court in the matter of this succession, and reported in 32 An. p. 1218, in which it was settled, that the provision of the will of decedent, requiring a five year administration of his succession, was ineffective as to the shares of these minors who were entitled to their legitime, not by virtue of the will, but by virtue of the law.
The case of the succession of Linton, 31 An. 130, relied upon by appellee, is not in point. In that case the succession was under the administration of the public administrator, under the laws then in force, by which his commission was fixed at 5 per cent., and the Court allowed him that rate of commission on rents collected by him, not mentioned in the inventory, and not collected by his predecessor in the administration of the succession, and hence, that decision is no authority in support of these executors’ pretensions, which cannot be sanctioned.
7. The last opposition is levelled at a claim allowed to “ L. J. Duffy, for services in attending to all the business of J. A. Turnell, in collecting his rents, looking after his affairs and -business generally, before and up to the time of his death, $6,000,” and should, in our opinion, have been maintained.
After a careful examination of the testimony on this point, we are forced to the conclusion that this charge is not supported by the evidence. We gather from our reading of the record, that Duffy, who had been in the employ of Turnell from his very boyhood, had by his intelligence,"his activity and his fidelity to duty, gained the unlimited confidence of his employer, who had in his last days admitted him rs his partner in business, and had entrusted him with the full management of his large and important business, including a trunk store, which was his main business, and extending to the collection of his rents and of other income, the payment of his taxes and the -general supervision of his business. But the evidence is overwhelming in support of the undeniable proposition, that the salary which lie received as general clerk, was understood between him and Turnell to be in full compensation of all the services which he rendered to the latter in the management of the business, for which he now only brings this charge.
We concede that such conduct, such zeal and such fidelity to duty, should have commended Duffy to the liberality of Turnell, but he ■seems to have turned a deaf ear to that voice, and courts cannot recognize a contract where none was entered into between the parties, nor allow compensation on a quantum meruit, where the conduct of the parties clearly excludes such an understanding between themselves.
*891 Since the submission of this case, and since the adoption of this opinion, a motion has been filed by appellant, suggesting a diminution of tlie record, and praying for a writ in the nature of a certiorari, for the purpose of completing the record; but without passing on the question of his right to such a writ, after submission of the cause, we note, in the brief filed in support of his motion, a suggestion that the case should be decided, insofar as the missing documents could affect but one of his oppositions, and we think that the ends of justice are best subserved by a refusal of the writ prayed for.
As each opposition presents a separate and -distinct issue, it was competent for us to revi'ew the judgment of the court a- qua on all the oppositions, touching which we had before us the evidence considered, by the District Judge. 27 An. 547, Succession of Gayle.
The judgment of the lower court must therefore be amended in several particulars.
It is, therefore, ordered, adjudged and decreed, that the judgment, appealed from be amended in the following particulars:
1. In rejecting the opposition to the omission of accounting for the aggregate amount of $270, alleged to have been collected for rents, which opposition is reserved to opponent, to be urged if necessary at the final account.
2. In allowing the charge of $20, paid to J. R. Warner for hunting up witnesses, which item is stricken out.
3. In allowing as an absolute charge, against the mass of the succession, the executors’ commission, which must be charged so as not to effect the legitime of opponent’s children as forced heirs.
4. In allowing to the executors an additional commission of 5 per cent, on rents and other collections,, amounting in the aggregate to $20,316, which charge is hereby refused and stricken out.
5. In allowing a compensation of $6,000 to L. J. Duffy for general services to the decedent, which compensation or claim is hereby refused andrejected; and that as thus amended said judgment be affirmed, costs of appeal to be paid by the succession.
Tlie Chief Justice recuses himself, having been of counsel for opponent.
Levy, J., absent.